UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER GERRY,

                        Plaintiff,

    -against-

METRO-NORTH COMMUTER RAILROAD, and
THE WESTCHESTER ARC FOUNDATION, INC.

                        Defendants.
------------------------------------------------------------X

**07 CIV. 9545**

**JUDGE KARAS**

**COMPLAINT**

### PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, Cahill, Goetsch & Maurer, P.C., complains of the Defendants and alleges:

FIRST: At all times relevant, plaintiff has resided at 80-19 87th Road, Woodhaven, NY 11421.

SECOND: The Metropolitan Transportation Authority (hereinafter "MTA") is a public benefit corporation created pursuant to the Public Authorities Law of the State of New York and is the parent agency of defendant, Metro-North Commuter Railroad (hereinafter "MN"). MTA and MN maintain executive offices at 347 Madison Avenue, New York, NY.

THIRD: That at all times relevant, defendant The Westchester ARC Foundation, Inc. (hereinafter "ARC") has been a domestic not-for-profit corporation licensed to do business in the State of New York, and has maintained its principal place of business and executive office at 21 Westmoreland Avenue, White Plains, New York, in Westchester County.

FOURTH: That, upon information and belief, MN entered into an agreement with the New York State Industries For The Disabled, Inc. prior to April 21, 2006 to provide janitorial services at certain MN locations including MN's North White Plains facility.

FIFTH:  That, upon information and belief, MN and/or the New York State Industries For The Disabled, Inc. entered into an agreement with Defendant ARC prior to April 21, 2006 to provide janitorial services at certain MN locations including MN's North White Plains facility.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT METRO-NORTH COMMUTER RAILROAD

SIXTH:  Plaintiff repeats and reiterates each and every allegation contained in Paragraphs FIRST through FIFTH of this Complaint with the same force and effect as if fully set forth at length herein.

SEVENTH:  Jurisdiction of the Court over this cause of action is pursuant to the Federal Employers' Liability Act (45 U.S.C. Sec. 51 et seq.).

EIGHTH:  At all times relevant, MN has been engaged in interstate commerce by rail and has operated a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

NINTH:  That prior to April 21, 2006, and at all times hereinafter mentioned, MN employed the Plaintiff as an electrician in furtherance of MN's business in interstate commerce.

TENTH:  That prior to April 21, 2006, and at all times hereinafter mentioned, MN maintained, operated and controlled a line of railroad known as the Harlem Division, which contained station facilities, maintenance facilities, distribution center, tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which MN operated engines, trains and cars under their control and direction.

ELEVENTH:  That on or about April 21, 2006, while the Plaintiff, an employee of MN, was performing his assigned duties as an electrician at MN's North White Plains Shop, MN, its agents, servants and employees, negligently and carelessly conducted themselves toward the

Plaintiff in failing to provide Plaintiff with a reasonably safe place to work; in permitting a dangerous slipping hazard to be created on the floor of the MN North White Plains Shop men's room; in failing to maintain oversight over the janitorial services provided by ARC and The New York State Industries For The Disabled, Inc.; in failing to make sure that whoever was providing janitorial services at the North White Plains Shop was placing warning devices at appropriate locations when performing floor maintenance; in failing to have the men's room taken out of service when floor maintenance was being performed at the North White Plains Shop; and, in failing to enact and enforce safety, inspection, maintenance and operating rules, regulations, procedures and practices which would have prevented plaintiff's claimed injury.

TWELFTH: That the said injuries occurred while the Plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

THIRTEENTH: That due to MN's negligence, Plaintiff was caused to suffer damages estimated to be in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ARC

FOURTEENTH: Plaintiff repeats and reiterates each and every allegation contained in Paragraphs FIRST through THIRTEENTH of this Complaint with the same force and effect as if fully set forth at length herein.

FIFTEENTH: The Court has supplemental jurisdiction over this cause of action pursuant to 28 USC Section 1367.

SIXTEENTH: On April 21, 2006, plaintiff entered the men's room at the North White Plains Shop in the course of his employment by MN and was caused to slip on a dangerous, condition created during floor maintenance being conducted in the bathroom, causing him to fall

and sustain serious and permanently disabling injuries including a fractured left ankle.

SEVENTEENTH: That the aforeclaimed accident and injuries were caused solely due to the negligence of defendant ARC its agents, servants and employees, who negligently and carelessly conducted themselves toward the Plaintiff in creating a dangerous slipping hazard on the floor of the men's room at the MN North White Plains Shop; in failing to provide necessary supervision of the janitorial services provided by ARC at the MN North White Plains Shop; in failing to make sure that whoever was providing janitorial services at the North White Plains Shop was placing warning devices at appropriate locations when performing floor maintenance; in failing to have the men's room taken out of service when floor maintenance was being performed at the North White Plains Shop; and, in failing to enact and enforce safety, inspection, maintenance and operating rules, regulations, procedures and practices which would have prevented plaintiff's claimed injury.

EIGHTEENTH: As a result of the acts of negligence on the part of defendant ARC alleged herein, plaintiff: sustained injuries including a fractured left ankle; has been compelled to incur or become liable for great expense for medical and surgical treatment and medicines and will be compelled to incur further expenses in the future for these purposes; has suffered pain, mental anguish, emotional stress and loss of enjoyment of life; and, has suffered resultant loss of income.

NINETEENTH: As a result of ARC's negligence, plaintiff was caused to suffer damages estimated to be in the amount of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the MN on the First Cause of Action in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; and, Plaintiff

demands judgment against ARC on the Second Cause of Action in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.; together with costs, pre-judgment and post-judgment interest and the disbursements for all causes of action.

Dated: Croton-on-Hudson, New York
       October 24, 2007

                        CAHILL, GOETSCH & MAURER, P.C.
                        Attorneys for Plaintiff

                        By: _____ # IM0337
                            Ira M. Maurer, Esq.
                        1 Croton Point Avenue
                        Croton-on-Hudson, NY 10520
                        (914) 271-9474